# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-CR-0161-CVE |
| | ) | |
| THOMAS DUSTIN DAUGHTRY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's Objection to Amnended [sic] Detention Order and Request to Set Conditions of Release (Dkt. # 22). On August 27, 2019, the magistrate judge entered an amended order (Dkt. # 21) stating that there were no condition or combination of conditions of pretrial release that would reasonably assure the safety of any other person or the community if defendant was released pending trial. Defendant objects to the magistrate judge's detention order and he asks the Court to release him on conditions pending trial. Dkt. # 22. The Court has reviewed the magistrate judge's detention order, audiorecordings of the detention hearing, defendant's objection (Dkt. # 22), and plaintiff's response (Dkt. # 23), and finds that it is not necessary to hold an evidentiary hearing on defendant's objection to the detention order.

On August 6, 2019, a grand jury returned an indictment charging defendant sexual exploitation of a child (count one), possession of child pornography (count two), and coercion and enticement (count three). It does not appear that he has any prior convictions for similar conduct, and he is facing a statutory mandatory minimum sentence of 15 years and a maximum sentence of 30 years as to count one. 18 U.S.C. § 2251(e). Defendant made his initial appearance on August

12, 2019, and plaintiff asked the magistrate judge to detain defendant pending trial. Dkt. # 8. The magistrate judge appointed counsel to represent defendant and set a detention hearing for August 14, 2019. Id.

At the detention hearing, plaintiff made a proffer of the evidence concerning the underlying offense conduct and the facts supporting pretrial detention. Beginning in February 2019, defendant began exchanging text messages with a 15 year old minor female who was a friend of his daughter, and, by May 2019, the messages included videos and photographs of the minor female that were sexual in nature. The minor victim was a friend of defendant's 14 year old daughter, and the minor victim was invited to spend the night at defendant's house. Defendant and the minor victim exchanged text messages while she was at his house, and he asked her to have sex with him that night. The minor victim confirmed in an interview that she had sex with defendant, and she further stated that defendant gave her the phone that was used to send the text messages. Defendant has admitted in interviews with law enforcement officials that he sent text messages to the minor victim and that he had oral sex with her when she visited his home. Plaintiff produced the text messages to the magistrate judge at the detention hearing, and the magistrate judge reviewed the text messages on the bench. Defendant did not call any witnesses, but he did make a proffer concerning conditions that would permit him to be released pending trial. Defendant has some prior criminal history related to the use of alcohol, but defense counsel believed the criminal history overstated any danger that defendant might pose to other persons. Defendant voluntarily turned himself in to the Osage County Sheriff on state charges arising out of the conduct charged in the indictment, and he was released on bond, turned in his passport, and he was placed on ankle monitoring. The state court did not impose any condition that defendant refrain from contacting the minor victim, but defendant

would consent to this condition if he were released pending trial. Defendant has lived in Sperry, Oklahoma since 1998 and he has a stable residence and employment history. Defendant currently resides with his 14 year old daughter at the home in Sperry, but defendant's mother would allow defendant to stay at her home. Defense counsel's argument focused on the willingness of defendant to comply with conditions of release imposed by the state court, but there was little evidence or argument offered as to the safety of the minor victim or the community.

The magistrate judge found that defendant should be detained pending trial and entered a detention order (Dkt. # 14). Defendant filed an objection (Dkt. # 16) to the detention order and the objection was treated as a motion to reconsider the detention order. The magistrate judge denied the motion to reconsider, but she did enter an amended detention order (Dkt. # 21) clarifying her rationale for finding that defendant should be detained pending trial. Defendant is accused of committing an offense described in 18 U.S.C. § 3142(e)(3)(E)[1] and the magistrate judge found that there is a rebuttable presumption that defendant should be detained. Defendant is 42 years old and he is accused of enticing a 15 year old female to engage in sexual activity. The 15 year old female is a friend of his daughter, and he began exchanging text messages with her in February 2019. The text messages became sexual in nature beginning in May 2019, and defendant engaged in sexual conduct with the 15 year old female when she spent the night at his house for a sleepover with his daughter. Defendant was arrested on state charges arising out of this conduct, and he was released after posting a $250,000 bond. Defendant resides with his 14 year old daughter, but he could move in with his mother if this were a condition of pretrial release. Defendant has some criminal history

---

[1] Counts one and three are both listed as an "offense involving a minor" under § 3142(e)(3)(E).

of alcohol related offenses but he does not have any prior convictions for a violent offense. The magistrate judge found that the evidence proffered by defendant was adequate to rebut the presumption of detention, but she concluded that plaintiff had met its burden to show by clear and convincing evidence that no condition or combination of conditions would assure the safety of any other person and the community. The magistrate judge considered the weight of the evidence against defendant, the danger posed to the victim and other minor females, and the severity of the charges against defendant, and found that defendant presents a continuing danger to the minor victim and other minor females if he were to be released to his current residence or the alternative residence proposed by defense counsel.

Defendant has filed an objection to the amended detention order, and the Court will treat the objection a motion for revocation of a detention order under 18 U.S.C. § 3145(b). Under § 3145(b), "[i]f a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The Tenth Circuit requires this Court to conduct de novo review of a magistrate judge's detention order. United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003). A district court has the discretion to hold an evidentiary hearing if it determines that additional evidence is necessary or it may rule on the written pleadings and evidence if the factual record is sufficient. United States v. King, 849 F.2d 485, 490-91 (11th Cir. 1988); United States v. Williams, 753 F.2d 329, 334 (4th Cir. 1985). The Court has determined that it has a sufficient factual record and that another evidentiary hearing is unnecessary.

Under 18 U.S.C. § 3142(f), the Court must consider whether there are conditions or a combination of conditions that will assure the appearance of the defendant and protect the safety of

any other person or the community. The Court must take into account the following factors when making this determination:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristic of the person, including--
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense, or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Defendant argues that conditions such as home confinement and GPS monitoring are sufficient to assure the safety of other persons, and he has an established history of attending all hearings in state court on the state charges arising out of the conduct at issue in this case. Dkt. # 22, at 2. He states that he voluntarily surrendered to state and federal authorities and has cooperated with the investigation. Id. He claims that he has complied with all conditions of pretrial release imposed by the state court. Id. Plaintiff responds that defendant's argument ignores the severity of his conduct and there are no conditions that will assure that he does not engage in similar conduct if he is released pending trial. Dkt. # 23, at 2. Plaintiff states that defendant allegedly used his own

daughter to lure a minor female to his house in order to engage in sexual activity, and he currently resides with his daughter. Id. Defendant has proposed an alternative living arrangement with his mother and stepfather, but plaintiff argues that this would not prevent defendant from committing further crimes of a similar nature. Id.

The magistrate judge correctly noted that the facts of this case give rise to a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any other person and the community. 18 U.S.C. § 3142(e)(3)(E). Defendant is charged with offenses under § 2251 and § 2422, and the offenses are specifically listed as crimes involving minors that give rise to a rebuttable presumption of detention in § 3142(e)(3)(E). See United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir. 1991) (a grand jury's finding of probable cause that a crime was committed by the defendant is sufficient to invoke the presumption of detention under § 3142(e)). Even if the defendant successfully rebuts the presumption, the presumption remains a factor for consideration for the district court in determining whether a defendant should be released or detained pending trial. Id.

For the purpose of this Opinion and Order, the Court will assume that defendant has rebutted the presumption of detention and will apply the § 3142(g) factors to determine if defendant should be detained pending trial. The first factor (nature of the offense) weighs in favor of pretrial detention, because the crime "involves a minor victim" as stated in § 3142(g)(1). The second factor (weight of the evidence) weighs strongly in favor of detaining defendant pending trial. Defendant is accused of enticing a 15 year old girl to engage in sexual activity, and the minor victim reports that defendant did engage in sexual activity with her while she was visiting defendant's daughter for a sleepover. Plaintiff has proffered text messages between defendant and the minor victim, and the

magistrate judge found that the messages were sexual in nature. In fact, defendant provided the phone to the minor victim that she used to send the text messages and he has admitted to sending text messages to her. He has also admitted to engaging in some sexual activity with the minor victim, although he may be disputing the nature of that sexual activity. As to the third factor (history and characteristics of the defendant), defendant does not have a substantial criminal history and he has no prior convictions for crimes similar in nature to the charged offenses. The pretrial services report suggests that defendant has a stable home environment and employment history. However, the alleged crime occurred in defendant's home and he currently lives with his 14 year old daughter in that residence. Defendant has made a proffer that he could live with his mother pending trial, and this would alleviate some of the concern caused by allowing him to reside in the same residence as his minor daughter. The fourth factor (nature and seriousness of danger posed by defendant) also weighs in favor of detaining defendant pending trial. Defendant allegedly groomed a 15 year old to engage in sexual activity and used his own 14 year old daughter to invite the minor victim to his home. Defendant currently resides in a home with his 14 year old daughter, but he states that he could stay with his mother while this case is pending and he would agree to GPS monitoring. The Court does not find staying with his mother would mitigate the danger to the minor victor or other persons, because defendant could easily obtain another cellular device and engage in similar conduct, even if he were subject to GPS monitoring.

The Court has conducted a <u>de novo</u> review of defendant's request to review the detention order, and finds that he should be detained pending trial. Defendant argues that he does not have a substantial criminal history and that he is not a flight risk. The Court accepts defendant's proffer that he has complied with his state court conditions of release and that he has appeared at hearings in

state court, and the evidence does not suggest that defendant is likely to be flight risk. However, his objection to the detention order does not contain any argument concerning the magistrate judge's finding that defendant poses a danger to the minor victim and the community. The weight of the evidence against defendant is substantial and there are no conditions of pretrial release that will prevent defendant from engaging in the same conduct. The Court also takes into account that there is a presumption of detention that remains a factor, even if the presumption is rebutted, and the Court finds by clear and convincing evidence that there are no conditions or combination of conditions that will assure the safety of the minor victim or the community.

**IT IS THEREFORE ORDERED** that defendant's Objection to Amnended [sic] Detention Order and Request to Set Conditions of Release (Dkt. # 22) is **denied**.

**DATED** this 27th day of September, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE